IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL NETTIE, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 06-0236-CV-W-ODS |
| H&R BLOCK INC., et al, | ) ) | |
| Defendants | ) ) | |
| _____ | ) | |
| PHYLLIS J. WINTERS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 06-0243-CV-W-ODS |
| H&R BLOCK INC., et al, | ) ) | |
| Defendants | ) ) | |
| _____ | ) | |
| RAYMOND J. KADAGIAN, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 06-0574-CV-W-ODS |
| H&R BLOCK INC., et al, | ) ) | |
| Defendants | ) ) | |
| _____ | ) | |
| DORIS STAEHR, Derivatively on behalf of H&R Block, Inc., | ) ) ) ) | |
| Plaintiff, | ) ) | |

|                                                        |     |                              |
|--------------------------------------------------------|-----|------------------------------|
| v.                                                     | )   | Case No.  06-0284-CV-W-ODS   |
|                                                        | )   |                              |
| MARK A. ERNST, et al.,                                 | )   |                              |
|                                                        | )   |                              |
|                       Defendants,                      | )   |                              |
|                                                        | )   |                              |
| H&R BLOCK INC.,                                        | )   |                              |
|                                                        | )   |                              |
|                  Nominal Defendant                     | )   |                              |

_____ )

MOMENTUM PARTNERS, Individually                         )
and Derivatively on behalf of Nominal                   )
Defendant H&R Block, Inc.,                              )
                                                        )
                        Plaintiff,                      )
                                                        )
v.                                                      )        Case No.  06-0465-CV-W-ODS
                                                        )
MARK A. ERNST, et al.,                                  )
                                                        )
                       Defendants,                      )
                                                        )
H&R BLOCK INC.,                                         )
                                                        )
                  Nominal Defendant                     )

_____ )

IRON WORKERS LOCAL 16                                   )
PENSION FUND,  Individually                             )
and Derivatively on behalf of Nominal                   )
Defendant H&R Block, Inc.,                              )
                                                        )
                        Plaintiff,                      )
                                                        )
v.                                                      )        Case No.  06-0466-CV-W-ODS
                                                        )
MARK A. ERNST, et al.,                                  )
                                                        )
                       Defendants,                      )
                                                        )
H&R BLOCK INC.,                                         )
                                                        )
                  Nominal Defendant                     )

Case 4:06-cv-00466-ODS   Document 58   Filed 09/25/06   Page 2 of 7

```
_____ )
ADELE LEBOWITZ,                  )
Derivatively on behalf of        )
H&R Block, Inc.,                 )
                                 )
                    Plaintiff,   )
                                 )
v.                               )    Case No.  06-0495-CV-W-ODS
                                 )
MARK A. ERNST, et al.,           )
                                 )
                    Defendants,  )
                                 )
H&R BLOCK INC.,                  )
                                 )
          Nominal Defendant      )
_____ )
                                 )
FEIVEL GOTTLIEB,                 )
Derivatively on behalf of        )
H&R Block, Inc.,                 )
                                 )
                    Plaintiff,   )
                                 )
v.                               )    Case No.  06-0496-CV-W-ODS
                                 )
MARK A. ERNST, et al.,           )
                                 )
                    Defendants,  )
                                 )
H&R BLOCK INC.,                  )
                                 )
          Nominal Defendant      )
_____ )
                                 )
STEPHEN T. HIBBARD,              )
Derivatively on behalf of        )
H&R Block, Inc.,                 )
                                 )
                    Plaintiff,   )
                                 )
v.                               )    Case No.  06-6059-CV-W-ODS
                                 )
MARK A. ERNST, et al.,           )
                                 )
```

3

```
                    Defendants,        )
                                       )
H&R BLOCK INC.,                        )
                                       )
                    Nominal Defendant )
_____)
```

<u>AMENDED ORDER (1) DENYING PLAINTIFFS' MOTIONS TO REMAND, (2)
GRANTING THE PARTIES' MOTIONS TO CONSOLIDATE AND (3) ORDERING THE
PARTIES TO PROVIDE THE COURT WITH SUPPLEMENTAL INFORMATION</u>

## I. MOTIONS TO REMAND

Plaintiffs Hibbard, Gottlieb  and Lebovitz have filed Motions to Remand (Docs.
#8, #18 and #17, respectively). The motions raise similar arguments and will be
addressed together. Defendants removed the cases, asserting the claims arise under
the federal securities laws. Defendants further claim the Securities Litigation Uniform
Standards Act ("SLUSA") supports the removal. Plaintiffs argue the petitions for
damages allege only state law claims against former and present officers and directors
of nominal Defendant H&R Block and contend SLUSA does not apply to this cause of
action as it is "derivative." However, the combined effects of the PSLRA and the SLUSA
renders the terms "derivative" or "securities" as used here irrelevant.

> In recent years, Congress passed two statutes designed to alleviate the
> problems corporations suffered as a result of class action lawsuits. The
> first of these, the PSLRA, was designed to curb abuse in securities suits,
> particularly shareholder derivative suits in which the only goal was a
> windfall of attorney's fees, with no real desire to assist the corporation on
> whose behalf the suit was brought. The PSLRA immediately drove many
> would-be plaintiffs to file their claims in state court, based on state law, in
> order to circumvent the strong requirements established by the statute.
> Motivated by [a purpose] to keep such lawsuits in federal court, Congress
> quickly passed SLUSA in order to prevent plaintiffs from seeking to evade
> the protections that federal law provides against abuse litigation by filing
> suit in State, rather than federal, courts.  With some exceptions, SLUSA
> made the federal courts the exclusive fora for most class actions involving
> the purchase and sale of securities.

<u>Green v. Ameritrade, Inc.</u>, 279 F.3d 590, 595-96 (8th Cir. 2002) (quotations omitted).

Each action essentially argues H&R Block's officers and directors caused, or allowed

others to cause, H&R Block to commit securities fraud by filing false and misleading reports with the SEC. Further, even though Plaintiffs classify the actions as "derivative" all the claims depend upon a finding that Defendants violated the Securities Exchange Act of 1934. Following Green v. Ameritrade, Inc., therefore, Plaintiffs' Motions to Remand are denied.

## II. MOTIONS TO CONSOLIDATE

The parties' Motions to Consolidate are granted. The above-captioned actions were brought against Defendants H&R Block and certain H&R Block officers and directors, seeking damages for violations of the Securities Exchange Act, 15 U.S.C. §78j(b)(2005), and 17 C.F.R.§ 240.10b-5.

The cases against H&R Block share both factual and legal issues, and consolidation of these cases will prevent needless expense and delay. Therefore, consolidation is appropriate under Rule 42(a) of the Federal Rules of Civil Procedure. The other pending shareholder actions against HR Block (Case nos.06-cv-0236-ODS,06-cv-0243-ODS, 06-cv-0574-ODS, 06-cv-0284-ODS, 06-cv-00465-ODS, 06-cv-0466-ODS, 06-cv-00495-ODS, 06-cv-00496-ODS, 06-cv-6059-ODS) shall be consolidated with Lead Case No. 06-0236-CV-W-ODS, which will be re-captioned as "In re H&R Block Securities Litigation."

## III. INFORMATION NEEDED TO DECIDE APPOINTMENT OF LEAD PLAINTIFFS

The court will appoint one institutional co-lead plaintiff and one individual co-lead plaintiff. Together, their counsel will file an amended complaint asserting all claims against Defendants. Under the PSLRA, the Court shall appoint as lead plaintiff(s), the member or members of the class that it "determines to be most capable of adequately representing the interests of the class members. . . ." 15 U.S.C. § 78u-4(a)(3)(B). The most adequate plaintiff is the person or group of persons that has complied with the following requirements:

(1)     Publish, in a widely circulated national business-oriented publication, a

notice advising members of the purported plaintiff class of the pending action;

(2)     Has the largest financial interest in the relief sought by the class; and

(3)     Otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Ascertaining the movant with largest financial interest requires ascertaining the opening and closing dates for the class period.  Absent further information, the Court has preliminarily determined June12, 2002 through March 15, 2006 is the relevant class period.  The PSLRA does not articulate the procedure for determining the largest financial interest among the competing movants.  However, a four-factor inquiry has been recognized or adopted by various courts.  See In re Enron Corp. Sec. Litig., 206 F.R.D. 427, 440 (S.D. Tex. 2002); In re Olsten Corp. Sec. Litig., 3 F. Supp.2d 286, 295 (E.D.N.Y. 1998); In re Nice Sec. Litig., 188 F.R.D. 206, 217 (D. N.J. 1998).  The four factors are: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs.  Enron Corp. Sec. Litig., 206 F.R.D. at 440.  Further, "except as the court may otherwise permit, consistent with the purposes of this section, a person may be a lead plaintiff . . . in no more than 5 securities class actions brought as plaintiff class actions pursuant to the Federal Rules of Civil Procedure during any 3-year period."  15 U.S.C. § 78u-4(a)(3)(B)(vi).

Therefore, Plaintiffs who wish to be appointed lead counsel shall, within fifteen days,  provide the Court with the pertinent information necessary to determine which two Plaintiffs will adequately represent each of the two established classes of claims. In addition to providing financial information, the parties shall provide any previous experience serving as lead plaintiff as discussed in the Federal Rules.

IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

(A) In Nettie v. H&R Block, et al., Case No. 06-0236:

1. The Motion to Consolidate (Doc. #11) is GRANTED.

6

(B) In Winters v. H&R Block, et al., Case No. 06-0243:

    1. The Motion to Consolidate (Doc. #19) is GRANTED.

(C) In Staehr v. Ernst, et al., Case No. 06-0284:

    1. The Motion to Consolidate (Doc. #23) is GRANTED.

(D) In Momentum Partners v. Ernst, et al., Case No. 06-0465:

    1. The Motion to Consolidate (Doc. #19) is GRANTED.

(E) In Iron Workers Pension Fund v. Ernst, et al., Case No. 06-0466:

    1. The Motion to Consolidated (Doc. #19) is GRANTED.

(F) In Lebowitz v. Ernst, et al., Case No. 06-0495:

    1. The Motion to Remand (Doc. #17) is DENIED.

(G) In Gottlieb v. Ernst, et al., Case No. 06-0496:

    1. The Motion to Remand (Doc. #16) is DENIED.

(H) In Hibbard v. Ernst, et al., Case No. 06-6059:

    1. The Motion to Remand (Doc. #8) is DENIED; and

    2. The Motion to Consolidate (Doc. #3) is GRANTED.

IT IS SO ORDERED.

Date: September 25, 2006        /s/ Ortrie D. Smith
                                      ORTRIE D. SMITH, JUDGE
                                      UNITED STATES DISTRICT COURT

Case 4:06-cv-00466-ODS   Document 58   Filed 09/25/06   Page 7 of 7